Jeffrey S. Yong (California Bar #135455)
Email: jeffyong@a-ylaw.com
ALEXANDER & YONG
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071
Tel: (213) 689-3080
Fax: (213) 689-3082

Attorneys for Defendants
EUGENE YOUNG and MICHELLE YOUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual, | Case No.: 2:21-cv-02768-GW-AFM |
| Plaintiff, | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE SETTLEMENT** |
| v. | |
| EUGENE YOUNG, an individual; MICHELLE YOUNG, an individual; and DOES 1-10, inclusive, | Judge: Hon. George H. Wu<br>Date: September 9, 2021<br>Time: 8:30 a.m.<br>Courtroom: 9D |
| Defendants. | |

Defendants EUGENE YOUNG and MICHELLE YOUNG ("Defendants") hereby submit this response to the Court's OSC re Settlement.

The parties have an agreement in principle, but there are disagreements over technical aspects of the Settlement Agreement provisions, which are now preventing the timely execution of said agreement. Defendants believe that the disagreement is due in part to the fact that Defendants' attorneys reached the agreement in principle with Mr. Craig Côté—a senior attorney with Plaintiff's

1

law firm—but recently, another attorney, Mr. David Fitzgerald has been interjecting his comments into the draft settlement agreement.

Nevertheless, while Defendants believe that the written agreement can be finalized by close of the month, Defendants hope that the Court can provide guidance on the following technical issues:

1. **The Barriers Alleged in the Complaint Have Been Removed.** As the Court will recall, at the July 29, 2021 hearing, Defendants' counsel provided the Court with the CASp Final Verified Report of Compliance and represented to the Court that all barriers alleged in the Complaint no longer exist. Plaintiff's counsel disagreed but did not provide any contrary evidence at the hearing. Nevertheless, the Court gave Plaintiff's counsel twelve (12) days to investigate and amend the complaint if necessary. To date, Plaintiff has presented no evidence disputing that the barriers alleged in the Complaint have been removed. On July 30, 2021, Mr. Côté reached out to Defendants' counsel and the parties reached a settlement agreement in principle.

In the latest iteration of the Settlement and Release Agreement, Plaintiff has kept in a provision giving Defendants twelve months to remediate the subject property as to the barriers alleged in the Complaint. Defendants' counsel believes this provision is moot because the barrier removal has already been achieved, and the provision needlessly impedes the full and complete release sought by the parties by implying the remediation issue will still need to be addressed within the 12-month period. Defendants ask that the Court offer guidance on this issue.

2. **Settlement Checks to Be Payable to Both Plaintiff and Plaintiff's counsel.** Defendants' counsel, as a practical matter, insists that all settlement checks be made payable to the law firm <u>and</u> the client, if not the client alone, and thus wishes to make the settlement check payable to "**James Shayler and Manning Law, APC Attorney-Client Trust Account**". This is for both

tax/accounting and legal purposes, to ensure that the payment is received by the appropriate party and there is no confusion as far as taxes and that Defendants did make the payment to Plaintiff. Plaintiff's counsel, on the other hand, insists that the check be made payable to their law firm alone. This is puzzling since in previous cases, Plaintiffs' counsel has allowed the client's name to be included on the settlement check. Defendants ask that the Court offer guidance on this issue.

3. **Counsel Bound by Confidentiality Provisions.** Defendants' counsel would require the parties' respective attorneys to sign the Settlement Agreement to ensure that they are bound by the confidentiality clauses. Plaintiff's counsel disagrees and argues that the attorneys are bound without needing to sign the agreement. Once again, in previous cases, Plaintiffs' counsel took no issue with signing the settlement agreement, so Defendants do not understand what has changed since then. Defendants ask that the Court offer guidance on this issue.

On September 2, 2021, Defendants sent one more email and Settlement Agreement revision in an attempt to resolve the disputes before the parties failed to meet the September 7 deadline to dismiss the case. As of this writing, Defendants' counsel has received no response.

DATED: September 7, 2021

ALEXANDER & YONG

By:

　　/s/ Jeffrey S. Yong
Jeffrey S. Yong
Attorneys for Defendants
EUGENE YOUNG and
MICHELLE YOUNG